IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROBERT WINSTON and ALLAN WHEELER,<br><br>*Plaintiffs,*<br><br>v.<br><br>ACADEMI TRAINING CENTER, INC.,<br><br>*Defendant.* | Case No. 1:12-cv-00767-LO-TCB |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT ACADEMI TRAINING CENTER, INC. TO PRODUCE UNREDCATED DOCUMENTS AND DOCUMENTS IMPROPERLY WITHHELD AS PRIVILEGED**

The Opposition to Plaintiffs' Motion to Compel ("Opposition Brief" or "Opp. Br.") that Academi Training Center, Inc. ("Academi") filed makes no attempt to reconcile its unilateral line-by-line relevance redactions in admittedly relevant documents with the Federal Rules of Civil Procedure. As Plaintiffs Robert Winston ("Winston") and Allan Wheeler ("Wheeler") (collectively "Plaintiffs") argued in their Memorandum in Support of Their Motion to Compel ("Opening Brief" or "Pls. Br."), Academi's line-by-line redaction of 178 (36 percent) of the 493 pages that it produced in this case violates several Federal Rules of Civil Procedure, including Rules 1, 26(b)(1), 26(b)(5), 34(a)(1), and 34(b)(2)(E)(i).

Ignoring the governing Rules, Academi focuses entirely on case law, but the relevant judicial decisions similarly make clear that Academi's redactions are improper. Academi remarkably asserts that "not one of the cases cited in [the Plaintiffs'] motion actually stands for the proposition that it is per se inappropriate to redact irrelevant information from a privileged document" (Opp. Br. at 12) despite clear holdings, such as: "Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a

1

discovery request." *Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011). In contrast, Academi misplaces reliance on cases that are distinguishable because they involve: (i) court-authorized redactions of information, (ii) a single or few court-defined topic(s), and in most cases (iii) a court-conducted *in camera* inspection. None of the cases that Academi cites subjugates a requesting party to its adversary's unilateral, unsupervised, line-by-line redaction of admittedly relevant documents.

With respect to Academi's redaction of indisputably relevant information in this case, Academi seeks to avoid discussing its prior false assertion that Alicia Spiteri attached Winston's Independent Contractor Services Agreement ("ICSA") to a January 30, 2012 email, and the implications of its concomitant redaction of the attachments to that email. Instead, Academi discusses only how Spiteri testified after Academi's misrepresentation was laid bare, which could not diminish the significance of the event as an example for why Academi's redactions are improper. As discussed below, the impropriety of Academi's redactions have been further illustrated in Academi's depositions of Winston and Wheeler, during which Academi asked Winston and Wheeler to provide the very information that Academi has redacted from its document production. In short, there is no tenable defense for Academi's unilateral relevance redactions.

During the weeks that Plaintiffs negotiated with Academi regarding its document production, Academi steadfastly held to its assertions of privilege and confidentiality, and refused to provide Plaintiffs with a log stating the basis for each of Academi's redactions. Now, after Plaintiffs filed a motion with the Court, Academi abandons privilege and confidentiality as bases for its redactions and files the requested log as an exhibit, but nevertheless continues to

2

seek to withhold the redacted material from discovery, characterizing it as irrelevant.[1] As Plaintiffs argued in their Opening Brief, Academi never has attempted to meet its burden to demonstrate, on a document by document basis, that the information it redacts meets the stringent legal requirements for confidentiality or privilege. Academi's belated decision to abandon its privilege and confidentiality justifications only after Plaintiffs sought Court intervention further underscores why Plaintiffs should not be subjugated to Academi's unilateral and unsupervised line-by-line redactions in admittedly relevant documents.

Finally, Academi casts three aspersions on Plaintiffs' counsel that bear response. First, Plaintiffs' counsel have not unduly delayed bringing this motion. Plaintiffs negotiated with Academi for weeks regarding these issues. Academi did not take a firm position on its redactions until November 12, 2012, and Plaintiffs moved to compel four days later. Second, Plaintiffs' counsel did not "unreasonably" refuse to agree to Academi's proposed protective order. As Plaintiffs explained in their Opening Brief (at 17 n.32), Plaintiffs did not agree to Academi's proposed protective order because it contained numerous unfair provisions and because Academi could not demonstrate that the documents it would produce at this stage of the case warranted such protection. Academi has offered no defense of the unfair provisions that Plaintiffs identified. Third, Academi accuses Plaintiffs' counsel of improperly seeking discovery in this case for use in a related case. This assertion is baseless and defies logic. Plaintiffs' have no need for such antics, as they have access to far broader discovery in the related case, which likewise is pending before the Court. Moreover, Academi's mischaracterization of Plaintiffs' counsel's comments during a meet and confer is false and improper.

---

[1] *See* Academi's Opp. Br. at 5 n.3; Academi's Redaction Log, attached to Academi's Opp. Br. as Exhibit C, identifying relevance – not confidentiality – as the basis for every redaction. Academi nevertheless does seek a protective order based on confidentiality arguments. *See* Academi's Opp. Br. at 16-19. Academi's request for a protective order is unwarranted because the materials at issue – employee names, training schedules, forms, etc. – are not confidential and do not meet the standards for filing documents under seal.

In short, Academi has proffered no tenable defense for its improper document redactions. Accordingly, the Court should grant Plaintiffs' motion to compel.

## ARGUMENT

**I.     Academi Fails to Reconcile Its Redactions for Relevance with the Governing Federal Rules of Civil Procedure and Relevant Case Law.**

In their Opening Brief (at 8-10), Plaintiffs identified five subsections of the Federal Rules of Civil Procedure that Academi's redactions for relevance violate – Federal Rules of Civil Procedure 1, 26(b)(1), 26(b)(5), 34(a)(1), 34(b)(2)(E)(i).  In its Opposition Brief, Academi discusses none of these rules, other than to note (at 6) that Rule 26(b)(1) entitles Plaintiffs to any nonprivileged matter that is relevant to any party's claim or defense.  For example, Academi offers no explanation for why Rule 26(b)(5) imposes stringent requirements upon a party who redacts documents for privilege, but should be construed as permitting a party unilaterally to redact documents for relevance with no disclosure, oversight, limitations, or accountability. Academi's complete disregard for the Federal Rules should be dispositive.

Instead of even attempting to justify its redactions under the applicable rules, Academi misconstrues several cases to manufacture a false appearance of support for its improper redactions.  As an initial matter, Academi simply is wrong when it argues (Opp. Br. at 7) that Plaintiffs bear the burden of demonstrating the relevance of information that Academi has redacted from admittedly relevant documents.  As Plaintiffs pointed out in their Opening Brief (at 12), the Fourth Circuit specifically has held that where, as here, a party seeks to redact information from admittedly relevant documents, the burden is on the party resisting discovery –

here Academi – to show that material in relevant documents is protected from disclosure. *See United States v. (Under Seal)*, 748 F.2d 871, 876 (4th Cir. 1984).[2]

The cases Academi cites to the contrary are inapposite because they address discovery requests targeting irrelevant topics – not redactions to admittedly relevant documents. *See In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008); *White v. Graceland College Center*, 586 F. Supp.2d 1250, 1259 (D. Kan. 2008). Moreover, Academi's attempt to shift its burden makes no sense. *See* Opp. Br. at 7. Plaintiffs cannot reasonably be tasked with establishing the relevance of information that they have not been allowed to see.

Academi also mischaracterizes the relevant case law regarding the impropriety of unilateral relevance redactions. On page 12 of its Opposition Brief, Academi falsely accuses Plaintiffs of misrepresenting cases, stating that "[c]ontrary to Plaintiffs' representations, not one of the cases cited in their motion actually stand for the proposition that it is per se inappropriate to redact irrelevant information from a produced document." The cases that Plaintiffs cite speak for themselves:

- "Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request." *Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011);

- "The Court sees no compelling reason for [defendant] to not disclose information solely on the grounds that [defendant] thinks the non-disclosed materials are not relevant or responsive where that information appears in a document that contains otherwise relevant or responsive information." *ArcelorMittal Cleveland, Inc. v. Jewell Coke Co., L.P.*, 1:10-cv-0032, 2010 WL 5230862 at *3 (N.D. Ohio Dec. 16, 2010);

- "'[T]here is no express or implied support' in the Rules of Civil Procedure for a procedure allowing 'a party [to] scrub responsive documents of nonresponsive information.'" *Beverage Distribs., Inc. v. Miller Brewing Co.*, 2:08-cv-827, 2010 WL 1727640 at *4 (S.D. Ohio Apr. 28, 2010) (citation omitted);

---

[2] *See also Wilhelm v. Cain*, 78 Fed. R. Serv. 3d 689 (N.D. W. Va. 2011); *Howell v. City of New York*, CV06-6347, 2007 WL 2815738 at *2 (E.D.N.Y. Sept. 25, 2007) (under Fed. R. Civ. P. 26(c), a party seeking to redact information from responsive documents first must demonstrate "'good cause' based on a need 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'").

- "It is not the practice of this court to permit parties to selectively excise from otherwise discoverable documents those portions that they deem not to be relevant." *Howell v. City of New York*, CV-06-6347, 2007 WL 2815738 at *2 (E.D.N.Y. 2007); and

- "The Federal Rules of Civil Procedure do not recognize irrelevance as a privilege or an objection that warrants redaction, or that would involve the compilation of a privilege log, as with other redactions." *Medtronic Sofamor Danek, Inc. v. Michelson*, No. 01-2373, 2002 WL 33003691 at *5 (W.D. Tenn. 2002).

These are just some of the cases that Plaintiffs have cited, in addition to the plain language of the Federal Rules of Civil Procedure, to establish that Academi's redactions for relevance are improper.

The cases that Academi cites in an attempt to justify its redactions are exactly the type of cases that Plaintiffs addressed and distinguished in their Opening Brief – court-authorized redactions of information, regarding court-defined topics, almost always following a court-conducted *in camera* inspection of the documents. *See* Opening Brief at 11-12, discussing *Etienne v. Mitre Corp.*, 146 F.R.D. 145, 148 (E.D. Va. 1993); and *Hanson v. First Nat'l Bank*, 5:10-0906, 2011 WL 5865472 at *1, *5 (S.D. W. Va. Nov. 18, 2011). The other cases that Plaintiffs cite are of the same ilk, and none of them purport to subjugate a party to its litigation adversary's unilateral, unsupervised, and unauthorized line-by-line redactions of relevant documents. *See, e.g., Beauchem v. Rockford Prods. Corp.*, 2002 WL 1870050 at *2 (N.D. Ill. Aug. 13, 2002) (permitting redaction of a specific set of documents, board meeting minutes, but only after an *in camera* inspection of the contents of the minutes); *Spano v. Boeing Co.*, 3:06-cv-00743, 2008 WL 1774460 at *3 (S.D. Ill. Apr. 16, 2008) (authorizing redactions for one specifically defined irrelevant topic and offering in-camera inspection for any document redacted on another basis).[3] These cases provide no support for Academi's assertion that it is entitled to

---

[3] Academi's reliance upon the Southern District of New York's decision in *Schiller v. City of New York,* 04 CIV. 7922, 2006 WL 3592547 at *4 (S.D.N.Y. Dec. 7, 2006) is even more clearly misplaced. *Schiller* arises out of the arrest of members of a political action group, the War Resisters League ("WRL"), that organized and conducted a

6

engage in unilateral and unsupervised line-by-line relevance redactions within relevant documents.

II. **Academi's Attempts to Justify its Redaction of Relevant Information Underscore Plaintiffs' Concerns Regarding Academi's Unilateral and Unsupervised Redactions.**

In their Opening Brief, Plaintiffs provided specific examples of where Academi had redacted plainly relevant material from admittedly relevant documents. *See* Pls. Op. Br. at 12-16. Academi's attempts to explain away these examples only underscore why Plaintiffs should not be subjugated to Academi's judgment in making unilateral and unsupervised line-by-line redactions.

First, Academi asks this Court to adopt a case of self-imposed amnesia regarding Academi's misrepresentation that Alicia Spiteri sent Robert Winston (and another contractor whose name Academi has redacted) an advance copy of the ICSA as an attachment to a January 30, 2012 email. Employing overly-crafty linguistic legerdemain, Academi states that "*Alicia Spiteri* has never asserted that she provided Robert Winston with an ICSA by email on January 30, 2012" and cites her recent deposition for the proposition that "[s]he has only asserted that she provided Robert Winston with an ICSA on January 30, 2012 in person at her desk." Opp. Br. at 8 (emphasis added). Evidently, Academi hopes the Court will forget what *Academi* – rather than Spiteri – said about that particular email. In its Reply Brief in Support of Its Motion for a Protective Order seeking to prevent Spiter's deposition, Academi attached the email (without its

---

protest of a Republic National Convention that violated certain criminal laws. *Id.* at *1. There, the City of New York sought discovery regarding the identity of WRL's members and notes of all meetings in which WRL discussed the protest, and the defendants resisted discovery based on their constitutional right to freedom of association, not the Federal Rules of Civil Procedure. *Id.* In limiting discovery, the court was motivated by the proposition that the "First and Fourteenth Amendment right [ ] of ... free association [is] fundamental and highly prized, and 'need[s] breathing space to survive." *Id.* at *4. The court restricted discovery in that case because the Court found that the defendants substantiated their invocation of that right by producing "specific evidence of past or present harassment of members due to their associational ties, ... harassment directed against the organization itself, [or a] pattern of threats or specific manifestations of public hostility." *Id.* (citation omitted). Accordingly, *Schiller*, like the other cases that Academi cites, has no bearing on this case.

7

redacted attachments) and sought to deprive Plaintiffs of the opportunity to depose Spiteri by arguing that:

> While Plaintiffs argue that they should be entitled to cross-examine Spiteri on this point, all of the contemporaneous evidence available, which has already been produced to Plaintiffs, indicates that Winston is just plain wrong and that Spiteri did provide Winston with the documents ahead of time. *See* Ex. A [the Spiteri January 30, 2012 email]. The mere fact that Plaintiff Winston has an apparent failure of memory is not sufficient grounds to allow the deposition of Spiteri.

Defendant Academi's Reply Memorandum of Law in Support of its Motion for a Protective Order at 6 (filed Nov. 6, 2012), Docket No. 28. Academi made no mention of documents being provided "in person" or at a "desk." *See id.* Nor did counsel for Academi mention a document being provided "in person" when he stood in this Court, argued that the email was dispositive proof of delivery, and handed a copy of the email up to this Court. That Spiteri told a different story after Academi's misrepresentation had been exposed does not, in any way, enhance Academi's credibility. If anything, Academi's current protestations about what Spiteri has, and has not, said raise questions about whether Academi knew all along that Winston's ICSA was not attached to Spiteri's January 30, 2012 email.

This dispute only underscores the significance and relevance of the recipient information and attachments to Spiteri's January 30, 2012 email, which Academi has redacted. Academi misrepresented the content of the email attachments and then redacted them, with the effect of impeding Plaintiffs' ability to disprove Academi's misrepresentations. In this regard, it does not matter whether Academi is accurate or not when it states that the attachments "are nothing more than irrelevant forms" (although it does raise the question regarding why Academi felt compelled to redact them), because Plaintiffs have a legitimate interest in demonstrating that the ICSA was

*not* included.  Plaintiffs are wrongly deprived of the opportunity to make such arguments by Academi's improper redactions.

Academi similarly fails to justify redacting documents regarding the training classes for Winston and Wheeler.  The minimal parts of the training class agenda that Academi has not redacted reveal that an "in process" session took place from 08:00-12:00 and that the session included, but was not limited to, presentations by Spiteri and Desiderio.[4]  The parties in this case dispute how much time Winston and Wheeler were given to review their ICSAs.  The redactions obfuscate the other agenda items, in addition to Spiteri's and Desiderio's sessions, that took place between the hours of 08:00 and 12:00, thereby depriving Plaintiffs of relevant evidence.

Importantly, Academi never actually disputes that it has obscured information regarding the other sessions that took place during those hours.  Parsing its words closely, Academi states that "the schedule doesn't indicate what topics would be covered during these sessions [conducted by Spiteri and Desiderio] because the schedules themselves do not contain this information."  Opp. Br. at 10.  Yet, that statement does not respond to the argument that Plaintiffs made.  Plaintiffs never have contended that the redactions obscure an itinerary for Spiteri's and Desiderio's sessions.  Rather, Plaintiffs contend that the redactions obscure what other sessions, in addition to Spiteri's and Desiderio's sessions, also took place between 08:00 and 12:00 (thereby limiting the time for activities like executing a 20-page legal document), and Academi has not denied this contention.

As Plaintiffs pointed out in their Opening Brief (at 15-16), Academi's counsel deposed Winston regarding the very information that it redacted from the training schedule and cover

---

[4] *See* Email from Alicia Spiteri, Academi Human Resources Representative, to Candice B. Meek, Cheryl Desiderio, Laura Cooper, and TSC-Classes, along with approximately 23 other undisclosed recipients (Jan. 31, 2012), with attachment and as redacted, A000345-46, Exhibit I to Plaintiffs' Opening Brief.

9

email, including who was at the training session that morning and what topics were covered.[5] Academi has offered no justification for the disparity in its positions.

Academi's counsel now also has deposed Wheeler regarding similarly redacted documents. Academi asked Wheeler whether he received an email, even though Academi had redacted all of the names on the email's "To:" line.[6] Academi also asked Wheeler – "What do you remember about the instruction in the classroom in the morning of November 30, 2010?" – despite having redacted that very information from the training schedule that it produced and showed Wheeler during his deposition.[7] It also asked him "Do you remember anybody who was present in classroom 146-4 on the morning of November 30, 2010?" despite having redacted from the documents the names of the people, instructors and students alike, who attended the session.[8] Academi's withholding of information from discovery, and then deposing Winston and Wheeler regarding that same information, plainly is improper and unfair to the Plaintiffs.

### III. Academi Failed to Meet its Burden to Establish that Redactions for Confidentiality and Privilege are Warranted.

Academi, despite asserting confidentiality and privilege objections to justify its improper redactions throughout the parties' multi-week attempts to confer, now abandons those objections before this Court, yet it implausibly still asks the Court to allow it to withhold the materials that were the subject of those objections. Belatedly withdrawing its improper privilege objections, Academi states in a footnote:

> As to six documents, Academi previously objected that some redacted information, in addition to being non-responsive and irrelevant, was also subject to attorney client privilege and the

---

[5] *See* Excerpts from Deposition of Robert Winston (Nov. 13, 2012) ("Winston Dep.") at 208:14-209:4, 211:12-212:8, attached as Exhibit 1. These Excerpts contain all of the testimony from the Winston Dep. that Plaintiffs cited in their Opening Brief.
[6] *See* Excerpts from Deposition of Alan Wheeler (Nov. 16, 2012) ("Wheeler Dep.") at 92:15-94:2, attached as Exhibit 2.
[7] Wheeler Dep. 101:13-15.
[8] Wheeler Dep. 100:22-101:2.

>work product doctrine. In order to simplify and streamline resolution of this matter, ACADEMI withdraws its attorney-client privilege and work product objections to these six documents, but continues to maintain that the redactions were proper because the information is non-responsive and irrelevant.[9]

With respect to assertions of confidentiality, the Redaction Log that Academi produced for the first time as Exhibit C to its Opposition Brief – and which Academi previously refused to create for Plaintiffs – makes clear that the documents at issue do not raise the kinds of confidentiality concerns that warrant limitations on discovery and filings under seal. In the "Reasons for Redactions" column, Academi asserts only relevance as the justification for its redactions. Academi does not attempt to establish that its redactions are necessary to protect "information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained" for any document. *See Massey Coal Servs., Inc. v. Victaulic Co. of Am.*, 249 F.R.D. 477, 482 (S.D. W.Va. 2008).

Despite abandoning confidentiality as a justification for its redactions, Academi argues that its confidentiality concerns should compel the Court to enter a protective order that would mandate the parties to file under seal any documents that Academi designates as confidential. Such an order is unwarranted because Academi does not make a meaningful attempt to meet its burden of establishing that the information at issue satisfies the legal requirements for such protection. "The presumption in favor of public disclosure of court records can only be overcome by a significant countervailing interest." *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003). The public's right of access "may be abrogated only in unusual circumstances." *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). In the commercial context, the Fourth Circuit has recognized that such unusual circumstances may exist "where disclosure might reveal trade secrets." *Under Seal v. Under Seal*, 326 F.3d at 485-

---

[9] *See* Academi Opp. Br. at 5 n.3.

86. In this case, Academi seeks to obscure or protect information – employee names, "forms developed at Company's expense," and "training schedules" – that does not approach "trade secret" status.[10]

The cases that Academi cites regarding protective orders undermine rather than further its argument that this case, at least at this stage, presents the kind of unusual circumstances that could warrant filings under seal, with the accompanying added costs and burdens to the parties and the court. For example, in *Volvo Penta of the Americas, Inc. v. Brunswick Corp.*, the Court held that discovery protections are limited to "trade secrets" and similar "confidential research, development, or commercial information." 187 F.R.D. 240, 242 (E.D. Va. 1999). Moreover, the information at issue in that case involved "confidential marketing and business plan information." *Id.* at 241. Likewise *Brittain v. Stroh Brewery Co.*, involved sensitive "marketing strategies and financial information about [the producing party's] distributors" and the Court expressly noted that "[t]his type of financial information may also be particularly deserving of protection if the disclosing corporation is vulnerable to competitors." 136 F.R.D. 408, 415 (M.D.N.C. 1991). In *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, the Court entered a protective order limiting distribution and use of "supplier lists," but only after it required the producing party to establish a danger of competitive harm with actual evidence – in that case an affidavit from the producing entity's President. 200 F.R.D. 255, 259-61 (M.D.N.C. 2001). Here, Academi has made no such showing.

In seeking to justify redacting its employees' names, Academi states (at 18) that it has redacted the names of "non-party independent contractors, many of whom have been, or presently are, deployed under contracts with the Department of State …," yet it cites no authority

---

[10] *See* Academi Opp. Br. at 17; Letter from Justin Chiarodo, Counsel for Academi, to William Copley, Counsel for Plaintiffs at 2 (Nov. 7, 2012), Exhibit B to Pls.' Op. Br.

12

to support the redaction of such names or a requirement that documents mentioning the names of Academi's employees should be filed under seal. As an initial matter, the individuals at issue are, as of August 2012, Academi's employees, not independent contractors. As Alicia Spiteri testified during her deposition:

> **Q.** Who signs the independent contractor contracts?
> **A.** We do not have any independent contracts in WPPS or WPS anymore.
> **Q.** Oh, they're all employees?
> **A.** Everyone, as of August the 5th, they're employees.[11]

Plaintiffs are entitled to the employee names that Academi redacts because those employees are witnesses to disputed issues. Federal Rule of Civil Procedure 26(b)(1) entitles Plaintiffs to discovery regarding the "identity and location of persons who know of any discoverable matter."

Here, the witnesses whose names Academi redacts have knowledge regarding whether Academi provided advanced copies of the ICSA to Winston and another person (whose name Academi redacts),[12] what happened during the training sessions in which Academi alleges that Winston and Wheeler signed their ICSAs, how long Winston and Wheeler were given to review the ICSAs, and what was said in those classes regarding the ICSAs.[13] The sole case that Academi relies upon in seeking to redact the names of its employees, *Graves v. Indus. Power Generating Corp.*, is inapposite because it addressed the entire "personnel files" for non-parties. No. 09-cv-717, 2010 WL 2943079 at *5 (E.D. Va. July 20, 2010). Contrary to Academi's citation of *Graves*, the court in that case did not hold that the identity of potential witnesses – as opposed to their salary information, performance evaluations, and related materials – warrants protection. *Id.*

---

[11] Excerpts of Deposition of Alicia Spiteri (Nov. 15, 2012) at 127:17-128:1, attached as Exhibit 3.
[12] *See, e.g.,* email from Alicia Spiteri, Academi human resources employee, to Robert Winston and a redacted recipient (Jan. 30, 2012), with redacted exhibits, bates number A00210-80, attached to Pls.' Op. Br. at Exhibit C.
[13] *See, e.g.,* email from Alicia Spiteri, Academi human resources employee, to Candice B. Meeks, Cheryl Desiderio, Laura Cooper, and TSC-Classes, along with approximately 23 other undisclosed recipients (Jan. 31, 2012), with attachment and as redacted, A000345-46, attached to Pls.'s Op. Br. as Exhibit I.

Nor does Academi substantiate its argument that its "training schedules" warrant a protective order, much less redaction to preclude their contents from discovery. Even based on Academi's own descriptions, these documents are agendas, not detailed descriptions regarding how Academi trains its personnel. Accordingly, Academi has fallen far short of justifying its request for a protective order, much less justified redaction of this information from discovery.

### IV. Academi's Aspersions Against Plaintiffs' Counsel are Baseless.

Academi casts three false aspersions against Plaintiffs' counsel. To ensure that these aspersions do not distract from the issue before the Court – Academi's improper unilateral relevance redactions – Plaintiffs will address the aspersions briefly.

#### A. Plaintiffs have Not Unreasonably Delayed the Resolution of this Discovery Dispute.

Academi's assertion (at 1, 4-5) that Plaintiffs have unreasonably delayed moving to compel regarding Academi's improper redactions is baseless. Winston and Wheeler are the Plaintiffs. Delay is not in their interests. Plaintiffs allege that Academi currently possesses money that should be paid to them. They have little income. As set forth in the Complaint, Academi's unlawful retaliation has not only wrongfully deprived Plaintiffs of employment with Academi, it also has precluded them, through the State Department's "Do Not Use" list, from obtaining employment with Academi's competitors. Academi's assertion that Plaintiffs would delay this case, and any recovery from Academi, defies logic.

Moreover, any "delay" was the result of Plaintiffs' good faith attempts to confer with Academi. Academi produced its documents on October 17, 2012, and Plaintiffs sent their deficiency letter on November 2, 2012. From that date until this motion was filed on November 16, 2012, Plaintiffs worked diligently to confer with Academi and provide it with opportunities to withdraw its improper redactions and substantiate its now-abandoned assertions of privilege

and confidentiality. During this time, Academi represented that it would reproduce the redacted documents with some redactions removed, but it made only minor reductions to its improper redactions. *See* Opp. Br. at 5. Thereafter, Plaintiffs' counsel informed Academi that the changes were insufficient, and had to press counsel for Academi to take a firm position regarding whether or not Acdemi would withdraw its redactions.[14] Only on November 12, 2012 did Academi take a firm position.[15] Winston and Wheeler timely filed this motion, and a 26-page Memorandum in Support, four days later. Accordingly, Academi's assertion that Plaintiffs have unduly delayed this matter has no merit.

### B. Plaintiffs Did Not "Unreasonably" Decline to Execute a Protective Order in this Case.

Academi's assertion (at 2) that Plaintiffs "unreasonably declined to execute" Academi's proposed protective order similarly lacks merit. In this case, Academi sought to extort Plaintiffs' agreement to an unfair, one-sided protective order that prejudices their interests by threatening, and then employing, improper redactions that violate numerous Federal Rules of Civil Procedure. Despite baldly characterizing Plaintiffs' rejection of the protective order as "unreasonable," Academi makes no effort to defend the provisions of its protective order that Plaintiffs identified as unfair and inappropriate in their Opening Brief. *See* Pls. Op. Br. at 17 n.32. Specifically, Plaintiffs pointed out that Academi's proposed protective order:

- Permits Academi's in-house counsel and five employees of Academi's choice to review confidential information but precludes Winston and Wheeler from reviewing such information;

- Requires all materials marked "confidential" to be filed under seal even though the proposed protective order's definition of "confidential," which includes any "information

---

[14] *See* email from William Copley, counsel for Plaintiffs, to Justin Chiarodo, counsel for Academi (Nov. 12, 2012), attached as Exhibit 4.
[15] *See* email from Justin Chiarodo, counsel for Academi, to William Copley, counsel for Plaintiffs (Nov. 12, 2012), attached as Exhibit 5.

that the disclosing party would not customarily release to the public," is far less stringent than the applicable legal requirements for filings under seal;

- Prohibits Plaintiffs' Counsel from discussing information with Winston and Wheeler if that information is in a document that Academi unilaterally deems "confidential" despite imposing no analogous restriction on Academi; and

- Requires Winston and Wheeler to provide Academi with five days advance notice of any filing that would attach information that Academi unilaterally deems confidential.[16]

Academi offers no defense for these provisions. Moreover, as the briefing on this motion has established, the types of information that Academi seeks to protect as "confidential" – employee names, class schedules, and "forms" – are not subjects that this Court has deemed to warrant filings under seal or prohibited parties to litigation from seeing. Accordingly, Academi's assertion that Plaintiffs "unreasonably" rejected their proposed protective order has no merit.

**C.     Plaintiffs Do Not Seek Discovery for Use in a Related Case.**

Finally, Academi falsely asserts (at 3) that Plaintiffs' counsel refused to stipulate to Academi's proposed protective order in this case because "it wished to potentially use the discovery it obtained in this matter in a separate False Claims Act case against Academi that the same counsel had brought on behalf of different Plaintiffs [sic] which is now pending before Judge Ellis." Academi reiterates this aspersion in the November 30, 2012 declaration of Justin A. Chiarodo, in which Mr. Chiarodo states:

> On October 10, 2012, Mr. Copley stated that Plaintiffs were unwilling to adopt ACADEMI's proposed protective order, because, amongst other reasons, Plaintiffs wished to potentially use the discovery that they obtained in this matter in a separate False Claims Act case against ACADEMI that Mr. Copley's firm had brought on behalf of different Plaintiffs which is now pending before Judge Ellis, captioned "*U.S. ex rel. Beauchamp et al v. ACADEMI,* Civil No. 1:11-cv-371.

---

[16] *See* Pls. Op. Br. at 17 n.32.

*See* Declaration of Justin A. Chiarodo in Support of Academi's Opposition to Plaintiffs' Motion to Compel. This statement is false.[17]

As an initial matter, Academi's assertion that Plaintiffs' counsel wants to use this case to obtain discovery for *U.S. ex rel. Beauchamp et al v. ACADEMI,* Civil No. 1:11-cv-371 (E.D. Va.) (the "*Beauchamp* Case") makes no sense. Plaintiffs have full, and much broader, access to discovery in that case, which alleges, among other things, that Academi has engaged in a multi-year, multi-million-dollar fraudulent scheme to falsify its personnel's quarterly weapons qualifications and falsely bill the State Department for services that the personnel Academi identified on invoices did not provide. The scope of discovery in that case necessarily is much broader than in this case, particularly at this stage, and Plaintiffs' counsel will seek all necessary discovery for that case there. Plaintiffs' counsel have no incentive, as Academi implausibly asserts, to seek discovery for the *Beauchamp* case here, where discovery has been limited to issues relevant to procedural unconscionablity.

As discussed above, Plaintiffs' counsel refused to agree to Academi's proposed protective order because it was unwarranted and because it unfairly disadvantaged Winston and Wheeler.[18] In the course of discussing the inappropriate and unfair provisions of Academi's proposed protective order, Plaintiffs' counsel also noted that Plaintiffs were considering moving to consolidate this case and the *Beauchamp* Case, which also involves wrongful termination claims pursuant to 31 U.S.C. § 3730(h), because of the common questions of law and fact presented by both cases, and Plaintiffs' counsel pointed out that certain terms in Academi's proposed protective order would be problematic in the event of such consolidation. Plaintiffs'

---

[17] *See* Declaration of William E. Copley in Support of Plaintiffs Motion to Compel Defendant Academi Training Center Inc. to Produce Unredacted Documents and Documents Improperly Withheld as Privileged ("Copley Decl."), ¶ 10, attached as Exhibit 6.
[18] Copley Decl. ¶ 6-7.

17

counsel also noted that despite the common issues of law and fact, Academi had retained two different law firms to handle the cases. As a result, if there is no consolidation, Plaintiffs' counsel stated that he wanted to preserve the ability *to raise with the Court* that a document that Academi produced in only one case properly should be produced in both cases.[19] That is it. Plaintiffs' counsel never stated or implied an intent to seek discovery in this case for use in another.[20] Accordingly, Academi's assertion that Plaintiffs' counsel have sought to "use the discovery that they obtained in this matter in [the *Beauchamp*] case" is baseless.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiffs Robert Winston's and Allan Wheeler's Opening Brief, the Court should grant Plaintiffs' Motion to Compel Defendant Academi Training Center, Inc. to Produce Unredacted Documents and Documents Improperly Withheld as Privileged.

Respectfully submitted,

/s/ William E. Copley
William E. Copley
Virginia State Bar No. 43960
August J. Matteis, Jr. (admitted *pro hac vice*)
Neesa M. Sethi (admitted *pro hac vice*)
WEISBROD MATTEIS & COPLEY PLLC
1900 M Street, N.W., Suite 850
Washington, D.C. 20036
Telephone: (202) 499-7901
Facsimile: (202) 478-1795
Email: wcopley@wmclaw.com

*Counsel for Robert Winston and Allan Wheeler*

---

[19] *See* Copley Decl. ¶ 9.
[20] *See* Copley Decl. ¶ 10.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of December, 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Justin Anselm Chiarodo
> DICKSTEIN SHAPIRO LLP
> 1825 Eye Street, NW
> Washington, DC 20006-5403
> Telephone: (202) 420-2200
> Facsimile: (202) 420-2201
> Email: chiarodoj@dicksteinshapiro.com
>
> *Counsel for ACADEMI Training Center, Inc.*

> /s/ William E. Copley
> William E. Copley
> Virginia State Bar No. 43960
> August J. Matteis, Jr. (admitted *pro hac vice*)
> Neesa M. Sethi (admitted *pro hac vice*)
> WEISBROD MATTEIS & COPLEY PLLC
> 1900 M Street, N.W., Suite 850
> Washington, D.C. 20036
> Telephone: (202) 499-7901
> Facsimile: (202) 478-1795
> Email: wcopley@wmclaw.com
>
> *Counsel for Robert Winston and Allan Wheeler*